UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIEGO TRUJILLO CLAROS,

Petitioner,

v. Case No: 6:26-cv-208-JSS-LHP

LOUIS A. QUINONES, JR., IMMIGRATION & CUSTOMS ENFORCEMENT (ICE), KRISTI NOEM, and DEPARTMENT OF HOMELAND SECURITY (DHS),

Respondents.
___________________________________/

**ORDER**

Petitioner, Diego Trujillo Claros, is a citizen of Colombia who "entered the United States without inspection" on February 29, 2024. (Dkt. 12 at 1; *see* Dkt. 1 at 3; Dkt. 12-1 at 3.) Later that day, Petitioner was apprehended by United States Border Patrol officers and released on his own recognizance. (Dkt. 1 at 3, 9–10.) For nearly two years thereafter, Petitioner was allowed to live in the United States, without the need to check in with Respondent, the United States Immigration and Customs Enforcement (ICE). (*See id.*) However, in January of this year, Petitioner was arrested "on the stated basis that he was allegedly undocumented." (*Id.* at 2; *see* Dkt. 12-2 at 2 (showing that Petitioner was taken into custody on January 23, 2026, "on immigration charges only"); Dkt. 15 ¶ 3 ("Petitioner was arrested on January 22[], 2026, by local authorities acting at the direction of ICE. No criminal charges were filed. No judicial

warrant was issued. No neutral magistrate made a probable cause determination.").) Petitioner remained confined, without the benefit of an individualized bond hearing, for approximately four weeks. (Dkt. 15 ¶ 4; *see* Dkt. 21.)

Petitioner initiated this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. 1.) Petitioner maintained that 8 U.S.C. § 1226—not 8 U.S.C. § 1225—applied to his detention, entitling him to a bond hearing before an immigration judge, and he asked the court to order his immediate release arguing that such a bond hearing would be illusory. (*See* Dkt. 18 at 2–4.) Respondents countered that 8 U.S.C. § 1225 applied such that Petitioner was not entitled to a bond hearing, and they asserted in the alternative that if 8 U.S.C. § 1226 applied, the proper remedy was a bond hearing, not Petitioner's immediate release. (*See* Dkt. 18 at 4.)

On February 13, 2026, the court concluded that 8 U.S.C. § 1226 applied. (*See, e.g.*, Dkt. 18 at 8 ("[S]ection 1226 applies to noncitizens 'already present in the United States.'" (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018))).) Accordingly, the court ordered Respondents to either ensure that Petitioner received a bond hearing before an immigration judge by February 17, 2026, or "release Petitioner pursuant to the terms of his Order of Release on Recognizance. (*Id.* at 16–17). At a February 17, 2026, bond hearing, an immigration judge ordered Petitioner released from Respondents' custody under a cash bond. (Dkt. 21.) According to the parties, Petitioner has posted the bond and been released from Respondents' custody. (*See id.*)

In summary, after receiving the bond hearing to which he was entitled under section 1226, Petitioner was released from Respondents' custody in exchange for

payment of the required bond. Accordingly, this case is **DISMISSED**, and the Clerk is **DIRECTED** to terminate any pending motions and deadlines and to close this case.

**ORDERED** in Orlando, Florida, on February 23, 2026.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record